UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIHAI KANGYI TRADING CO., LTD. and GREENTEX TRADING CO., LIMITED, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK LEUMI, USA, BELMONT GROUP INTERNATIONAL LLC, MERCANTILE CREDIT, INC., S.O.E. LINES, INC., and "DOES" 1 THROUGH 10, inclusive, <br><br> Defendants. | Civil Action No. 19-cv-4615 <br><br> **COMPLAINT** |

Plaintiffs, Weihai Kangyi Trading Co., Ltd. ("Weihai") and Greentex Trading Co., Limited ("Greentex") (both are collectively referred to as the "Plaintiffs"), as and for their complaint ("Complaint") against the defendants named herein, allege as follows:

## NATURE OF THE ACTION

1. This action derives from the non-payment for apparel goods manufactured, sold, and delivered by Plaintiffs to defendants Belmont Group International LLC ("Belmont") and Mercantile Credit, Inc. ("Mercantile") and secured by documentary letters of credit issued by defendant Bank Leumi, USA ("Bank Leumi"). The goods were transported by ocean freight from Qingdao Port, China to the Port of New York by defendant S.O.E. Lines, Inc. ("SOE") in October 2018 for ultimate delivery to Belmont and/or Mercantile at a New Jersey warehouse. Although negotiable bills of lading were issued by SOE to the order of Bank Leumi at the time of shipment, SOE wrongfully released the goods to Belmont upon their arrival in the United States without production of the original bills. Following delivery, Belmont and Mercantile failed to pay for the goods and Bank Leumi wrongfully dishonored the letters of credit. The

principal amount owed to Weihai is $869,462.76 and the principal amount owed to Greentex is $206,236.08.

## THE PARTIES

2. Plaintiff Weihai is a corporation organized and existing under the laws of the People's Republic of China, with its principal offices located at Suite 1202, Tower B, Yueyuan Mansion, No. 15, Shanda Road, Hi Tech-Zone, Weihai, Shangdong, China.

3. Plaintiff Greentex is a corporation organized and existing under the laws of Hong Kong, with its principal offices located at Room 20A, Kiu Fu Commercial Building, 300 Lockhart Road, Wanchai, Hong Kong.

4. Upon information and belief, Defendant Bank Leumi is a New York State chartered banking institution with its principal offices located at 579 Fifth Avenue, New York, New York 10017.

5. Upon information and belief, Defendant Belmont is a limited liability company organized and existing under the laws of Delaware, with offices located at 1080 Military Turnpike, Plattsburgh, New York 12901 and 110 West 40th Street, Suite 301, New York, New York 10018.

6. Upon information and belief, Defendant Mercantile is a corporation organized and existing under the laws of the State of New York, with its principal offices located at 50 West 34th Street, New York, New York 10001.

7. Upon information and belief, Defendant SOE is corporation organized and existing under the laws of the State of New York, with its principal offices located at 145-45 156th Street, 2nd Floor, Jamaica, New York 11434.

8.      Defendants Does 1 through 10 are fictitious defendants whose identities are currently unknown but whom Plaintiffs are informed and believe, based upon information and belief, are responsible in some actionable manner, for the wrongs alleged herein. Plaintiffs will seek leave of court to amend the complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court also has jurisdiction over this case due to its admiralty jurisdiction granted under the United States Constitution and 28 U.S.C. § 1333.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

11.     Plaintiffs are in the business of manufacturing wearing apparel in China.

12.     Belmont is an apparel importer that supplies clothing at wholesale to its United States-based retail customers.

13.     Mercantile provides financing and factoring services to suppliers such as Belmont.

14.     In or about early 2018, Plaintiffs, through its New York-based sales agent, entered into agreements with Belmont whereby Plaintiffs would manufacture and deliver men's and ladies wearing apparel in various quantities, sizes, and styles (the "Goods") in accordance with specified orders, standards, and instructions of Belmont.

3

15. The Goods were to be manufactured in China and delivered to Belmont in separate shipments to a designated warehouse in Edison, New Jersey. Each shipment was memorialized in an individual invoice.

16. The parties' agreement provided that the Goods would be shipped under irrevocable documentary letters of credit ("Letters of Credit") issued by Bank Leumi upon the application of Mercantile, naming Weihai and Greentex as respective beneficiaries, to be honored and paid upon due presentation of sight drafts drawn under and in compliance with the terms therein, identified as follows:

| **Letter of Credit No.** | **Amount** | **Beneficiary** |
| --- | --- | --- |
| N10105907 | $958,484.27 | Weihai |
| N10106066 | $945,558.76 | Weihai |
| N10106061 | $447,209.86 | Greentex |

17. As per the conditions of each of the Letters of Credit, shipment of the Goods was to be effected through SOE by negotiable bills of lading consigned to the order of Bank Leumi, identifying Belmont as the party to be notified upon arrival, under commercial invoices issued to Mercantile.

18. In accordance with the parties' agreement and the Letters of Credit, the Goods were manufactured in accordance with Belmont's specifications and standards, and shipment was effected by SOE, acting as an international freight forwarder, by ocean carrier from Qingdao Port, China, to the Port of New York, with a final destination by ground transportation to DSP Warehouse in Edison, New Jersey.

19. SOE issued in triplicate four (4) separate original negotiable bills of lading ("Bills of Lading") in connection with the shipment of the Goods, each consigned to the order of Bank Leumi, as follows:

| Bill of Lading No. | Invoice No. | Amount | Onboard Date |
|---|---|---|---|
| ATAU18090034 | 2018WH061B | $381,638.11 | 9/3/2018 |
| ATAU18090408 | 2018WH061C | $381,664.60 | 9/14/2018 |
| ATAU18080752 | 2018WH060E | $94,934.20 | 8/30/2018 |
| SOE1808046 | JFGLI8-3682 | $206,236.08 | 9/4/2018 |

20.     Shipping documents, including the originals of each of the Bills of Lading, were presented to Bank Leumi by Plaintiffs' advising bank in accordance with the terms and conditions of the Letters of Credit.

21.     As issuer of negotiable Bills of Lading, it was SOE's responsibility to ensure that delivery and release of the Goods would only occur after production from Bank Leumi of an original Bill of Lading for each corresponding shipment.

22.     SOE failed to act accordingly in this matter, and allowed for delivery and release of all of the Goods to Belmont and Mercantile without production of original Bills of Lading from Bank Leumi.

23.     Subsequently, despite having taken delivery of the Goods in good order, Belmont and Mercantile failed to pay Plaintiffs the amounts due under the invoices.

24.     In addition, Bank Leumi failed to honor the Letters of Credit for the shipments at issue.

25.     In addition to the shipments described above, Belmont ordered and took delivery of a separate shipment of apparel goods manufactured by Weihai that was shipped by air freight to Belmont on or about August 20, 2018 under Invoice No. 2018WH077 in the amount of $11,225.85.  Belmont has failed to pay for these goods as well.

## FIRST COUNT
**(Breach of Contract Against Belmont and Mercantile)**

26. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

27. Plaintiffs have fully performed all of the terms and conditions required on their part to be performed pursuant to their respective agreements with Belmont and Mercantile to manufacture and deliver the goods identified in each of the invoices numbered 2018WH061B, 2018WH061C, 2018WH060E, JFGLI8-3682, and 2018WH077.

28. Under the terms and conditions of those agreements, Belmont and Mercantile were obligated to pay these invoices, collectively totaling the sum of $869,462.76 to Weihai, and $206,236.08 to Greentex.

29. Defendants breached their agreements with Plaintiffs by failing to pay the amounts due under each of the invoices.

30. Plaintiffs have demanded payment, but no payments have been received.

31. As a direct and proximate result of the breach by defendants Belmont and Mercantile, Weihai has suffered damages of at least $869,462.76 and Greentex has suffered damages of at least $206,236.08, as well as other damages in an amount to be proven at trial.

## SECOND COUNT
**(Goods Sold and Delivered Against Belmont and Mercantile)**

32. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

33. Defendants Belmont and Mercantile requested that Plaintiffs manufacture and deliver apparel goods as described in Belmont's orders and in each of the invoices numbered 2018WH061B, 2018WH061C, 2018WH060E, JFGLI8-3682, and 2018WH077.

34. Plaintiffs manufactured and delivered to Belmont and Mercantile the apparel goods as described in the orders and each of the aforementioned invoices.

35. Defendants Belmont and Mercantile took delivery of the apparel goods without complaint and without rejection.

36. Defendant Belmont and Mercantile were obligated to pay for the apparel goods sold and delivered in accordance with the invoices, but have failed and refused to do so.

37. As a direct and proximate result of the breach by Belmont and Mercantile of their obligations to Plaintiffs for the goods sold and delivered, Weihai has suffered damages of at least $869,462.76 and Greentex has suffered damages of at least $206,236.08, as well as other damages in an amount to be proven at trial.

### THIRD COUNT
### (Account Stated Against Belmont and Mercantile)

38. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

39. Defendants Belmont and Mercantile requested that Plaintiffs manufacture and deliver apparel goods as described in each of the invoices numbered 2018WH061B, 2018WH061C, 2018WH060E, JFGLI8-3682, and 2018WH077.

40. Plaintiffs manufactured and delivered to Belmont and Mercantile the apparel goods as ordered and presented them with the aforementioned invoices.

41. Defendants Belmont and Mercantile accepted the invoices without objection and/or promised to pay the issues, but have failed to do so.

42. By and through their actions and inactions, defendants are indebted to Plaintiffs are liable to for an account stated in the amounts of each of the invoices.

43. As a direct and proximate result of the breach by Belmont and Mercantile of the account stated, Weihai has suffered damages of at least $869,462.76 and Greentex has suffered damages of at least $206,236.08, as well as other damages in an amount to be proven at trial.

## FOURTH COUNT
### (Unjust Enrichment Against Belmont and Mercantile)

44. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

45. Defendants Belmont and/or Mercantile have been unjustly enriched at the expense of Weihai by their failure to pay for apparel goods received from Plaintiff Weihai having a value in the amount of at least $869,462.76.

46. Defendants Belmont and/or Mercantile have been unjustly enriched at the expense of Greentex by their failure to pay for apparel goods received from Plaintiff Greentex having a value in the amount of at least $206,236.08.

47. Equity and good conscience requires that Belmont and/or Mercantile pay Weihai the sum of at least $869,462.76 and pay Greentex the sum of at least $206,236.08, as well as other damages in an amount to be proven at trial.

## FIFTH COUNT
### (Promissory Estoppel Against Mercantile)

48. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

49. The Letters of Credit contained required that certain documents be presented to Bank Leumi as a condition of payment.

50. One of the conditions was that Mercantile issue and provide to Bank Leumi an original shipping approval certificate on Mercantile's letterhead signed by an authorized officer of Mercantile approving and authorizing each shipment.

51. Plaintiffs' agent in New York requested through Belmont that Mercantile provide the required shipping approval certificates so that they could be included in the shipping document remittance packages to be provided to Bank Leumi in accordance with the Letters of Credit.

52. In response to the agent's request, Mercantile's Vice President of Operations, Mr. Sohail Farooqi, emailed Belmont with instructions to inform Plaintiffs that the shipping approval certificates would not be needed and to assure Plaintiffs that if they submitted the shipping documents to Bank Leumi without the certificates they will still receive payment on the Letters of Credit. The email was then forwarded by Belmont to Plaintiffs' agent.

53. In other words, Mercantile issued a written promise to Plaintiffs that it would waive the requirement in the Letters of Credit that required the shipping approval certificates from Mercantile and would instruct Bank Leumi accordingly.

54. Plaintiffs reasonably relied on the promise from Mercantile to its detriment, as ultimately, Bank Leumi refused to honor the Letters of Credit based on its failure to receive the shipping approval certificates from Mercantile, a condition to which Mercantile, in breach of its promise to Plaintiffs, failed and refused to waive.

55. As a direct and proximate result of Mercantile's breach of promise, Weihai has suffered damages of at least $869,462.76 and Greentex has suffered damages of at least $206,236.08, as well as other damages in an amount to be proven at trial.

## SIXTH COUNT
### (Wrongful Dishonor of Letters of Credit Against Bank Leumi)

56. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

57. By their terms, the Letters of Credit were subject to the version of the International Chamber of Commerce ("ICC") Uniform Customs and Practice for documentary credits that was in effect on the date of their issue.

58. The version of the ICC Uniform Customs and Practice for documentary credits in effect at the time of issue was UCP 600.

59. UCP 600 outlines a procedure that an issuing bank must follow after it receives a presentation of documents by or on behalf of the beneficiary of a letter of credit.

60. Article 16(c) and (d) of UCP 600 provides that if the bank decides to refuse to honor or negotiate the letter of credit, it must give a single notice to the presenter within five days of presentment which must state: (i) that the bank is refusing to honor or negotiate; and (ii) each discrepancy in respect of which the bank refuses to honor or negotiate; and (iii) (a) that the bank is holding the documents pending further instructions from the presenter; or (b) that the bank is holding the documents until it receives a waiver from the applicant and agrees to accept it, or receives further instructions from the presenter prior to agreeing to accept a waiver; or (c) that the bank is returning the documents; or (d) that the bank is acting in accordance with instructions previously received from the presenter.

61. Article 16(f) of UCP 600 provides that if the bank fails to act in accordance with the provisions of this article, it shall be precluded from claiming that the documents do not constitute a complying presentation.

62. Bank Leumi wrongfully dishonored the Letters of Credit in violation of UCP 600, by, among other things, failing to follow the procedures outlined in Article 16(c) and (d).

63. Bank Leumi was and is thereby precluded from claiming that the documents presented pursuant to the Letter of Credit do not constitute a complying presentation, and was legally required to honor them.

64. However, Bank Leumi refused to honor the Letters of Credit.

65. Bank Leumi's wrongful dishonor has caused Weihai to suffer damages of at least $869,462.76, and has caused Greentex to suffer damages of at least $206,236.08, as well as other damages in an amount to be proven at trial.

## SEVENTH COUNT
### (Misdelivery and Conversion Against SOE)

66. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

67. By issuing the negotiable Bills of Lading to the order of Bank Leumi, SOE was duty bound to deliver the Goods only upon production by Bank Leumi of the original Bills of Lading.

68. SOE violated this duty by allowing Belmont and/or Mercantile to take delivery of the Goods without production of the original Bills of Lading, which enabled Belmont and/or Mercantile to obtain the Goods without paying for them.

69. The actions and inactions of SOE described above constitute a misdelivery and conversion of the Goods.

70. As a direct and proximate result of SOE's misdelivery and conversion, Weihai has suffered damages of at least $869,462.76, and Greentex has suffered damages of at least $206,236.08, as well as other damages in an amount to be proven at trial.

## EIGHTH COUNT
### (Breach of Contract Against SOE)

71. Plaintiffs restate and re-allege the allegations contained in each of the preceding paragraphs of the Complaint as though fully set forth herein.

72. Defendant SOE issued and delivered Bills of Lading Nos. ATAU18090034, ATAU18090408, and ATAU18080752 to Weihai.

73. SOE issued and delivered Bill of Lading No. SOE1808046 to Greentex, identifying as the shipper, Greentex's designated subcontractor, Qingdao Jifa Import and Export Co., Ltd.

74. Each of the Bills of Lading constitute a contract of carriage.

75. The terms of each of the Bills of Lading provide that as negotiable bills consigned to order, they constitute title to the Goods which entitles only the holder thereof, upon surrender of same, to receive delivery or to effect a transfer.

76. Defendant SOE breached its contractual obligations to Plaintiffs by releasing the Goods to Belmont and/or Mercantile without requiring surrender of the original Bills of Lading, which enabled Belmont and/or Mercantile to obtain the Goods without paying for them.

77. As a direct and proximate result of SOE's breach of the contracts of carriage, Weihai has suffered damages of at least $869,462.76, and Greentex has suffered damages of at least $206,236.08, as well as other damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiffs demand judgment against each of the Defendants, as follows:

a. On each of the First, Second, Third, and Fourth Counts, against defendants Belmont and Mercantile, jointly and severally, in favor of Weihai in an amount not less than $869,462.76, and in favor of Greentex in an amount not less than $206,236.08;

  b. On the Fifth Count, against defendant Mercantile and in favor of Weihai in an amount not less than $869,462.76, and in favor of Greentex in an amount not less than $206,236.08;

  c. On the Sixth Count, against defendant Bank Leumi and in favor of Weihai in an amount not less than $869,462.76, and in favor of Greentex in an amount not less than $206,236.08;

  d. On the Seventh and Eighth Counts, against SOE and in favor of Weihai in an amount not less than $869,462.76, and in favor of Greentex in an amount not less than $206,236.08;

  e. Together with interest, court costs, disbursements, attorney's fees, and such other and further relief as the court deems just and equitable.

Dated: May 20, 2019

        **REPPERT KELLY & VYTELL, LLC**


        By: /s/ Christopher P. Kelly
         Christopher P. Kelly, Esq.
         Nicholas A. Vytell, Esq.
        110 Allen Road, Suite 208
        Basking Ridge, New Jersey 07920
        Tel. (908) 605-2120
        Email: ckelly@rkvfirm.com
        Email: nvytell@rkvfirm.com

        *Attorneys for Plaintiffs*